Roy J. SUND, Plaintiff,

v.

AMERICAN CAN COMPANY, Defendant.

No. 66–C–267.

United States District Court
E. D. Wisconsin.

Jan. 26, 1967.

James D. Porter, Milwaukee, Wis., for plaintiff.

Maurice J. McSweeney, of Foley, Sammond & Lardner, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

TEHAN, Chief Judge.

This action, commenced by the plaintiff, Roy J. Sund, in the Circuit Court of Winnebago County, Wisconsin, was removed to this court by the defendant, American Can Company, on October 5, 1966. On October 11, 1966, the defendant filed its answer to the complaint and moved pursuant to § 1404(a), Title 28 U.S.C. for a change of venue to the United States District Court for the Southern District of New York in which district, concededly, the action could have been brought.

The complaint sets forth five causes of action arising out of the termination by the defendant of the plaintiff's right to benefits under three pension plans by reason of the defendant's determination that the plaintiff accepted employment with a competitor of the defendant after his retirement. It is alleged that each pension plan provides that if the Annuity Board, which administers the plans, finds that a retired employee is employed in a business in competition with the defendant, it may suspend or terminate

that employee's rights under the plans. The first cause of action alleges that that provision is an unreasonable restraint of trade and should be declared null and void, the second cause of action alleges that the provisions set forth no reasonable standards and should be declared null and void; the third cause of action alleges that the actions of the Board in terminating the plaintiff's rights under one plan wrongfully violated his vested rights; the fourth cause of action alleges that the action of the Board was unauthorized because forfeitures are permitted only when benefits are otherwise payable; the fifth cause of action alleges that the plaintiff's pension rights are due him as part of his compensation.

The affidavits filed in support of and in opposition to the motion establish the following facts:

The defendant, a New Jersey corporation, has its principal place of business in the Southern District of New York. The pension plans involved herein were adopted in New York and are administered in New York. All members of the Annuity Board administering the plans, whose action the plaintiff challenges herein, are located in New York. The determination that plaintiff was engaged in an occupation competitive with the defendant and that his right to certain benefits should be terminated was made in New York and relevant documents are located in New York.

The plaintiff was born and educated in the vicinity of Menasha, Wisconsin and with minor exceptions worked in that area for the Marathon Corporation and its predecessor corporation from the 1920's to 1957, when that company was acquired by the defendant. Thereafter, the plaintiff became a vice-president and director of the defendant, working in Menasha as general manager of the Marathon Division. In June of 1960, the plaintiff became president of the defendant with his headquarters in New York City. He remained in New York City until late in 1965, when he became an executive officer of Champion Papers, Inc. in Ohio. Since that time he has worked and maintained a residence in Ohio. He has not, however, cut all ties in Wisconsin. He still maintains a residence (characterized by him as a legal domicile) in Menasha, and is a director of a bank in a nearby town and a trustee of Lawrence College in Appleton but he has significantly failed to state what portion of his time is spent in Wisconsin. It is a fair assumption that since 1960, while employed full time as a top executive of the defendant in New York and of Champion in Ohio, his time has been spent and his activities centered in and about those two states, at least during the work week.

The defendant proposes to rely primarily on witnesses from the Southern District of New York, many of them executives and management personnel, in its attempt to prove or demonstrate, inter alia, (1) that the Annuity Board's decision to terminate plaintiff's benefits under the pension plans was justified by the existence of a competitive relationship between the defendant and Champion, (2) the manner in which the decision was made, (3) the facts on which the decision was based, and, (4) the information concerning the defendant known to the plaintiff when he joined Champion. The plaintiff has indicated that he intends to rely on witnesses from this area to prove only (1) the restrictive effect on them of the noncompetitive clauses in the three plans involved herein, and, (2) the plaintiff's skill, ability, judgment and experience in the paper industry and as an executive. We must here note that proof of those two points, if relevant, will not begin to prove the plaintiff's case and that unquestionably, under the issues drawn by the pleadings, he will be required to call other witnesses who he has not contended are more easily available for trial here than in New York.

In our opinion the record establishes that a transfer of this action to the Southern District of New York would greatly serve the convenience of the defendant and that trial in that district would be no more inconvenient to the

plaintiff than trial here. It also establishes that a transfer of the action to the Southern District of New York would be far more convenient for the defendant's witnesses and, excepting for the witnesses the plaintiff will call on the two peripheral issues mentioned above, probably as convenient to plaintiff's witnesses as trial in Milwaukee.

 Section 1404(a), Title 28 U.S.C. dictates that in determining whether a change of venue is warranted the court should consider not only the convenience of parties and witnesses but also the interest of justice. As the Court of Appeals for this Circuit stated in Chicago, Rock Island & Pacific Railroad Co. v. Igoe (1955) 220 F.2d 299 at page 303:

> "In the interest of justice there should be considered the relative ease of access to sources of proofs; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises; and the state of the court calendar both in the District where the case is pending, and in the District to which it is sought to have the case transferred."

The plaintiff has not indicated that his sources of proof other than the witnesses mentioned above are more accessible here than in New York and it appears that defendant's documentary evidence as well as its witnesses are in New York. Neither party has demonstrated that compulsory process is necessary for attendance of any witnesses. Our previous discussion reveals that the cost of obtaining witnesses, excepting those of plaintiff's witnesses testifying regarding the two issues mentioned above, would be less in New York than in Milwaukee. The state of the court calendar here and in New York is not a significant factor in the case.

The plaintiff, who contends that this case should be governed by Wisconsin law, has relied upon Van Dusen v. Barrack (1964) 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945, in arguing that no transfer should be ordered. *Van Dusen*

establishes that a transfer under § 1404(a) would not alter the state law to be applied, and, if the plaintiff is correct in his position that Wisconsin law applies, it will be applied in the United States District Court for the Southern District of New York. We have studied the tests set forth in that case and find nothing in the record tending to show that an application by that court of Wisconsin law significantly affects the convenience of parties and witnesses or is not in the interest of justice.

For the above and foregoing reasons,

It is ordered: That the motion of the defendant for transfer of this action to the United States District Court for the Southern District of New York be and it is hereby granted.